# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LORAGECAR FIGARO,<br>*Petitioner* | § § § | |
| v. | § § | A-20-CV-907-LY-SH |
| UNITED STATES OF AMERICA,<br>*Defendant* | § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Loragecar Figaro's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed August 12, 2020 (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1, Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

### I. Background

On April 17, 2019, Petitioner was indicted in the United States District Court for the Northern District of Texas, Fort Worth Division, on one count of conspiracy to commit mail theft, in violation of 18 U.S.C. §§ 371 and 1708. *United States v. Figaro*, No. 4:19-cr-115-O (N.D. Tex. April 17, 2019). Petitioner pled guilty to a Superseding Information charging him with one count of possession of stolen mail, in violation of 18 U.S.C. § 1708. *Id.* at Dkt. 17. On August 13, 2019, the Northern District of Texas sentenced Petitioner to a 57-month term of imprisonment, three years of supervised release, and a $100 special assessment fee. *Id.* at Dkt. 37.

Petitioner filed a timely appeal, and on August 20, 2020, the United States Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous. *Id.* at Dkt. 56. Petitioner also filed with the

District Court a motion to dismiss his conviction and sentence for failure to state a claim based on an allegedly faulty affidavit submitted in support of a search warrant, an unlawful search warrant, unlawful search and seizure, denial of due process, and lack of jurisdiction. *Id.* at Dkt. 52. The District Court dismissed the motion on July 9, 2020. *Id.* at Dkt. 52. The District Court also denied Petitioner's motion for compassionate release or sentence reduction. *Id.* at Dkt. 49.

On August 12, 2020, Petitioner filed this writ of habeas corpus under 28 U.S.C. § 2241 in the Northern District of Texas. Petitioner asks the court to vacate his sentence due to errors that occurred during or before sentencing. *See* Dkt. 1 at 4:20-cv-945-O. Because Petitioner is currently incarcerated in the Western District of Texas, the Northern District of Texas transferred Petitioner's § 2241 Petition to this Court. *Id.* at 4.

## II. Analysis

Petitioner again contends that his sentence should be vacated because of an allegedly unlawful search warrant, unlawful search and seizure, denial of due process, and lack of jurisdiction. Petitioner's claims are outside the proper scope of a § 2241 petition because he is attacking errors that occurred at or before his sentencing. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2241, in contrast, is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A petition for a writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255." *Id.* at 452. Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in

this case is the Northern District of Texas. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a § 2255 motion where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion). Therefore, the Court does not have jurisdiction to construe Petitioner's § 2241 motion as a § 2255 motion.

The Court nevertheless may address Petitioner's claims through the "savings clause" provision of § 2255 if Petitioner can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. Petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Section 2255(e); *see also Pack*, 218 F.3d at 452.

Petitioner has not sustained his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy. Section 2255 is not inadequate or ineffective simply because the sentencing court or appellate court denied relief and the petitioner wants to relitigate a claim that was already decided against him. *See Ceballos Torres v. United States*, 83 F. App'x 609 (5th Cir. 2003) (petitioner cannot relitigate claims already raised and rejected); *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000) ("Section 2241 is simply not available to prisoners as a means of challenging

a result they previously obtained from a court considering their petition for habeas relief."). Petitioner's arguments regarding the legality of his sentence have been denied by the Fifth Circuit and the sentencing court, and Petitioner cannot relitigate those claims. Petitioner has not otherwise shown that he is entitled to proceed under the savings clause. Accordingly, Petitioner may not avail himself of § 2241 relief, and his § 2241 Petition should be dismissed for lack of jurisdiction.

### III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Petitioner's habeas corpus petition under 28 U.S.C. § 2241 (Dkt. 1) for lack of jurisdiction.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 1, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE